# Ethical Considerations Regarding Charitable or Political Activities of Department Spouses

Statutes and regulations impose no restrictions on the charitable or political activities of the spouses of Department of Justice officials, but officials must ensure that knowledge about their spouses' fundraising activities will not affect their impartial judgment with respect to Department business.

November 17, 1989

MEMORANDUM OPINION

The question has arisen as to the guidance that should be given to the spouses of senior Department of Justice officials who wish to engage in charitable or political activities, such as fundraising for private organizations. We have reviewed this issue carefully and have found no limitations under current statutes or Department regulations when such activities are undertaken by a private citizen married to a Department official.[1] Ethical rules do come into play indirectly, however, due to the potential repercussions of the spouse's activities upon the Department official. The constraints upon the spouse's activities are largely political rather than legal, however; they stem, in large part, from the risk that some activities of the spouse might be construed by outsiders to reflect negatively upon the Department or the official.

We discuss herein (1) the use of the spouse's name by charitable or political organizations, (2) travel reimbursement for speaking engagements, and (3) participation in fundraising activities.

## A. Use of Name

No limitations apply directly to a spouse in lending his or her name to an organization. A spouse should take care to ensure that such references do not convey the appearance of an endorsement from the Department official or the Department itself. This is especially true if the Department official is one of the high level officials listed in 28 C.F.R. § 45.735-

---

[1] In particular, the Hatch Act does not apply to spouses of Department officers or employees.

12(d)(1) who are barred from engaging in fundraising.[2] Spouses can generally avoid such problems by identifying themselves as "Mary Jones" rather than "Mrs. James Jones" or "James Jones" rather than "James Jones, the husband of the Deputy Attorney General" and by having their name appear as one of several on any mailing.

## B. *Travel Reimbursement*

Department regulations impose no restriction upon the acceptance of reimbursement for expenses by the spouse when travelling on personal business. Thus, the concerns that may be raised about the propriety of reimbursing a spouse when the spouse accompanies the Department official on official trips, *see* 28 C.F.R. § 45.735-14a(d), would not be implicated with respect to the travel contemplated here.

## C. *Fundraising*

Under current law, a spouse may raise funds for a private organization, regardless of whether it is a for-profit or non-profit group. Although issues of a financial conflict of interest for the Department official might arise if the spouse were a paid fundraiser,[3] such issues do not arise where the spouse's time is donated, especially for a charitable purpose. Thus, there are no legal constraints on a spouse who fundraises, either as a volunteer for charity or as a paid fundraiser for an employer. However, a spouse may wish to consider whether activity as a fundraiser may raise some concerns for the Department official.

Fundraising, whether voluntary or paid, does require the Department official to consider whether knowledge of a spouse's work raises any concerns with a personal conflict of interest or an appearance of impropriety. This is because the Department official is under a duty to exercise impartial judgment on behalf of his client,[4] the agency that the Depart-

---

[2] This regulation provides

The Attorney General, Deputy Attorney General, Associate Attorney General, and the heads of divisions shall not make speeches or otherwise lend their names or support in a prominent fashion to a fundraising drive or a fundraising event or similar event intended for the benefit of any person.

This prohibition does not apply to a fundraising event by an organization that is exempt from taxation under section 501(c)(3) of the Internal Revenue Code 28 C F.R § 45 735-12(d)(3)

[3] Unless the spouse is paid on a commission basis, the Department official would not be deemed to have a financial interest in Department matters concerning companies that donated money through the spouse to the interested organization. 18 U.S.C. § 208 Money raised for the organization employing one's spouse is not a financial interest attributable to a Department employee as long as the spouse receives a fixed salary.

[4] Department officials are generally bound by the American Bar Association Code of Professional Responsibility 28 C F R § 45 735-1(b) The ABA Code's general conflict of interest rules include a prohibition on any lawyer (except with the client's consent after full disclosure) undertaking representation

Continued

351

ment of Justice is representing in any particular matter. The more that the Department official knows about a spouse's work — for example, who has been approached for donations or what bonuses may be given if the spouse raises a large sum — the more likely it is that the Department official will realize that the Department's work for a client might have some impact on the fundraising activity.[5]

Thus, if a spouse discusses work with the Department official, the official will need to determine on an ongoing basis whether the knowledge gained will affect his impartial judgment with respect to Department business.[6] If they discuss the spouse's work freely, there would be no impact on the couple's personal life but some burden would be placed on the Department official's professional life. If, however, the Department official adopted a prophylactic rule of not discussing the spouse's work, there might be a significant impact on their personal life, but it would eliminate the official's professional concerns. The official would simply not know whether the spouse was trying to raise money from someone against whom the Department was contemplating, or engaged in, action. Since either course is entirely legal, the Department official is free to choose whichever of these options is best suited.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*

---

[4] (...continued)
when the lawyer's own financial, business, property or *personal* interests may impair his or her independent judgment. DR 5-101(A). If the Department official is a member of a state bar that has adopted the Model Rules of Professional Conduct, the standard is whether he reasonably believes that his client's interests will not be "materially limited ... by the lawyer's own interests." Rule 1.7(b).

[5] The problems could arise in various ways, such as if the Department were investigating or prosecuting the organization for which the spouse works, some area (such as fundraising for the disabled) in which the organization was involved, or a donor from whom the spouse was soliciting funds A worst-case scenario would be a situation such as the Department announcing that it was not indicting a major corporation from whom the spouse of an official with prosecuting authority had just received a large donation.

[6] For example, a Department official would need to evaluate whether the fact that the spouse would receive a significant bonus if able to raise a certain sum from the defense industry would affect his impartial review of an ongoing defense procurement investigation. Or the official might need to decide whether the fact that the spouse was going to solicit funds from Company X would affect his judgment about whether to approve an investigation of that company. The likelihood of these concerns being significant is obviously speculative since they are based on facts that cannot be known in advance